UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROBERTO CARLOS RODRIGUEZ
GUERRA, et al.,
    *Petitioners-Plaintiffs*,

v.

PAUL PERRY, et al.,
    *Respondents-Defendants*.

Case Number 1:23-cv-1151 (MSN/IDD)

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Certify Class (ECF 54). Plaintiffs are detained noncitizens within the responsibility of Immigration and Customs Enforcement's Washington Field Office ("WAS ICE") who have been granted immigration relief. They argue that their continued detention—without an individualized review of their custody pursuant to an internal agency memo—violates the Administrative Procedure Act and Due Process Clause. Plaintiffs seek to certify the following class: "All persons who, now or at any time in the future, are held in civil immigration detention within the area of responsibility of WAS ICE and who have a grant of asylum, INA withholding, or CAT relief from an Immigration Judge that is either final or pending ICE's appeal." ECF 54-1 at 3.

After consideration of the briefs and arguments of counsel, the Court finds that Plaintiffs have satisfied the requirements of Rule 23 and that class certification is appropriate under Rule 23(b)(2).

Plaintiffs have satisfied the prerequisites under Rule 23(a) for class certification. They have demonstrated that, due to the inherently fluid nature of detention and litigation, that the class is

1

numerous and transient enough that individual joinder is impracticable. *See, e.g.*, *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass. 2014); *Scott v. Clarke*, 61 F. Supp. 3d 569, 584 (W.D. Va. 2014); *Braggs v. Dunn*, 317 F.R.D. 634, 653 (M.D. Ala. 2016). The commonality and typicality requirements under Rule 23(a) are also satisfied because Plaintiffs all allege that WAS ICE has not applied the same relevant policy to their cases. Whether WAS ICE has a policy or practice that contradicts the relevant agency memorandum, and whether such contradiction amounts to a violation of the Administrative Procedure Act or Due Process Clause, are questions common and typical of the class. Finally, Plaintiffs and their counsel have submitted declarations demonstrating that they are fully capable of adequately representing the class.

Class certification is appropriate under Rule 23(b)(2) because Plaintiffs have alleged that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The common questions make appropriate declaratory relief that applies to the entire class. To the extent that further evidence or legal conclusions on the merits preclude a single injunction or declaration from resolving the entire class's claims on the merits, the Court may revisit the class definition or certification at the appropriate time. *See* Fed. R. Civ. P. 23(c)(1)(C).

Accordingly, the Court hereby

**CERTIFIES** the following Class pursuant to Rule 23(a) and (b)(2): "All persons who, now or at any time in the future, are held in civil immigration detention within the area of responsibility of WAS ICE and who have a grant of asylum, INA withholding, or CAT relief from an Immigration Judge that is either final or pending ICE's appeal;"

**APPOINTS** the named Plaintiffs to serve as the representatives of the Class; and

**APPOINTS** the Capital Area Immigrants' Rights Coalition, the National Immigration Project of the National Lawyers Guild, and the American Civil Liberties Union of Virginia to serve as Class Counsel for the Class.

 **SO ORDERED.**

                                        /s/
                              Michael S. Nachmanoff
                              United States District Judge

April 26, 2024
Alexandria, Virginia